IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | |
|     Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARIROSA LAMAS, et al., | : | No. 09-1918 |
|     Respondents. | : | |

<u>MEMORANDUM</u>

Schiller, J.                                                                                                                April 18, 2013

      Dawn Marie Ball brought a petition for habeas corpus, which this Court denied. Pending before the Court is Petitioner's motion to extend the time for appeal under Federal Rule of Appellate Procedure 4(a)(5). For the reasons that follow, the Court grants Petitioner's motion to extend the time for appeal.

I.    BACKGROUND

      Dawn Marie Ball filed a petition for habeas corpus, which was transferred to this Court on May 4, 2009. The Court adopted the Report and Recommendation of Magistrate Judge Timothy Rice and denied Ball's petition on May 9, 2012. On July 5, 2012, a notice of appeal was docketed in the case based on a letter from Ball dated June 28, 2012, in which Ball wrote that she had not received the Order denying her petition until that day because her mail had been "stolen by the prison officials." (Pet'r's Letter, *Ball v. Lamas*, Civ. A. No. 09-1918 (E.D. Pa. July 5, 2012), ECF No. 32.) On December 12, 2012, the Third Circuit Court of Appeals issued an order explaining that the appeal would be held in abeyance because it was not timely filed but inviting this Court to construe Ball's June 28, 2012 letter as a motion to extend the time to appeal under Federal Rule of Appellate

Procedure 4(a)(5) or a motion to reopen the time to appeal under Rule 4(a)(6). Following that order, this Court issued an Order stating that it construed the letter as a motion under Rule 4(a)(5) and giving Respondents an opportunity to respond to Ball's motion. Respondents did not file a response during the allotted time.

## II.   DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal in a civil case "be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, Rule 4(a)(5) permits a district court to extend the time to file a notice of appeal if: (1) a party moves for an extension no later than thirty days after the time prescribed under Rule 4(a) ends, and (2) the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A); *see In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 153-54 (3d Cir. 2005).

Ball's motion satisfies the first prong of this test because the thirty-day period provided by Rule 4(a)(1) for her to appeal the Court's Order denying her petition expired on June 8, 2012. Under Rule 4(a)(5), Ball had another thirty-day period during which she could file a motion to extend the time for appeal, which concluded July 8, 2012. Her letter, based on either its date of June 28, 2012, or its docketing on July 5, 2012, was thus filed within the necessary window.

Ball must next demonstrate that her delay in filing the notice of appeal was due to excusable neglect or good cause. The good cause standard applies when the appellant is not at fault for the delay in appealing, whereas excusable neglect is the relevant standard when the delay in appeal is the appellant's fault. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 n.2 (3d Cir. 2012) (citing Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments)). In response to the

Third Circuit's letter advising her of possible dismissal due to her untimely appeal, Ball wrote a brief entered on August 3, 2012, in which she states that she was not given her legal mail—including the Order denying her habeas petition—while she was housed in a "strip cell . . . for no reason." (Appellant's Br., *Ball v. Lamas*, App. A. No. 12-2911 (3d Cir. Aug. 3, 2012).) The Third Circuit suggested in its order that the Court consider this brief in ruling on Ball's motion. Having done so, the Court determines that the delay in Ball's appeal due to the withholding of her legal mail in prison was not her fault. Although "the contours of the good cause analysis are largely undefined" in the context of Rule 4(a)(5), *Price v. Gen. Cable Indus., Inc.*, 466 F. Supp. 2d 610, 613 (W.D. Pa. 2006), "good cause" is defined as a "legally sufficient reason." *Black's Law Dictionary* 251 (9th ed. 2009). Because Ball could not possibly have filed a timely pro se appeal when she had no ability to learn of the denial of her petition and she moved to extend the time to appeal on the day she received the Order denying her petition, the Court finds that Ball has shown good cause for the delay in her appeal. *See Long v. Atl. City Police Dep't*, 670 F.3d 436, 444 n.15 (3d Cir. 2012) (suggesting Rule 4(a)(5) as an appropriate means for pro se prisoner "who experiences mail delay" to "preserve . . . her appellate rights"); *Weekley v. Jones*, 927 F.2d 382, 386 (8th Cir. 1991) (finding district court did not abuse its discretion in granting extension of time to appeal for pro se prisoner based on good cause or excusable neglect).

  Even applying the "more stringent" excusable neglect standard, *Bartunek v. Bubak*, 941 F.2d 726, 728 (8th Cir. 1991), the Court would grant Ball's motion. The Supreme Court has set forth the following factors to consider when assessing excusable neglect: (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in

good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see In re Diet Drugs*, 401 F.3d at 153. Here, Respondents have given the Court no reason to believe they will be prejudiced by an extension of Ball's time to appeal, as they did not respond to Ball's motion. Moreover, as indicated above, the reason for delay was not within Ball's control, and she appears to have acted in good faith by writing to the Court to explain the delay immediately after she received the Order denying her petition. *Cf. In re Diet Drugs*, 401 F.3d at 154 (finding excusable neglect where attorney's failure to notify other counsel of his change of address was "understandable and reasonable"); *Booker v. United States*, Civ. A. No. 07-1960, 2009 WL 1911616, at *2 (M.D. Pa. July 1, 2009) (granting Rule 4(a)(5) motion of prisoner based on excusable neglect even where incorrect calculation of time to appeal was in the exclusive control of the movant). Ball's delay of twenty days after her time to appeal expired before moving to extend was perhaps not insignificant, but "no one factor is determinative." *Booker*, 2009 WL 1911616, at *2. Weighing these four factors, the Court finds that the *Pioneer* standard has been satisfied.

Finally, under Rule 4(a)(5)(B), a motion to extend the time for appeal may be made ex parte if filed within the thirty days permitted under Rule 4(a)(1), but notice must be given in accordance with local rules if the motion is filed after that time. Ball's motion, which was filed more than thirty days after this Court's judgment was entered, was filed on the docket as a notice of appeal. The Court designated Ball's filing as a motion for extension of time to appeal under Rule 4(a)(5) and gave Respondents an opportunity to respond to the motion. Respondents were thus given notice of the motion. *See N. Am. Specialty Ins. Co. v. Corr. Med. Servs., Inc.*, 527 F.3d 1033, 1038-39 (10th Cir. 2008) (finding Rule 4(a)(5)(B) was satisfied where district court vacated its initial order granting extension and gave non-movant an opportunity to respond); *cf. Amatangelo v. Borough of Donora*,

4

212 F.3d 776, 778 (3d Cir. 2000) (finding district court's grant of motion to extend time for appeal problematic because it was ex parte, as non-movants had not had an opportunity to oppose the motion). Because Respondents had notice of the motion and a chance to respond to it—albeit one they did not take—Ball's motion satisfies the notice requirement.

### III. CONCLUSION

For the foregoing reasons, the Court grants Petitioner's motion to extend the time for appeal.